UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

MICHELLE MCCASTLE,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

Case No. 1:16-cv-680

Honorable Phillip J. Green

# MEMORANDUM OPINION AND ORDER

This was a social security action brought under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB). Plaintiff filed her complaint on June 3, 2016. (ECF No. 1). On August 10, 2016, the parties filed a stipulated motion agreeing that the Commissioner's decision should be reversed and the matter remanded for further administrative proceedings. (ECF No. 4). On August 12, 2016, the Court granted the motion and entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner. (ECF No. 5, 6). On remand, the Social Security Administration awarded plaintiff past-due benefits.

This matter is now before this Court on plaintiff's initial and amended motions for attorney fees pursuant to 42 U.S.C. § 406(b). (ECF No. 7, 9). Defendant has filed a response stating that she "neither objects nor assents" to the motions for attorney's fees. (ECF No. 11, PageID.84). For the reasons stated herein, plaintiff's 's amended

motion will be granted in part, and the initial motion will be dismissed as moot.

## Facts

Plaintiff received a Notice of Award indicating that she is owed past-due benefits. The Social Security Administration withheld a total of $8,769.75 to cover potential awards of attorney's fees. (ECF No. 10-4, PageID.78). Plaintiff's counsel filed an itemized fee statement totaling 41 hours, but the statement indicates that only 4.25 hours were spent representing plaintiff in this Court.[1]

## Discussion

Section 406 "deals with administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). "[E]ach tribunal may award fees only for the work done before it." *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*). This court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level.

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits. "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht*, 535 U.S. at 792. Section 406(b) "does not authorize the

---

[1] This total includes all the itemized hours from drafting the complaint on June 3, 2016, through reviewing the Court's remand order on August 12, 2016, and the September 21, 2018, entry for the hours spent preparing the motion for attorney's fees. (ECF No. 10-5, PageID.81-82).

prevailing party to recover fees from the losing party. Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802. Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807.

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the time counsel spent on the case, a downward adjustment is similarly in order.

*Gisbrecht*, 535 U.S. at 808 (citations omitted).

Plaintiff asks for an attorney-fee award of $8,769.75 from the funds being withheld. (ECF No. 9, PageID.30). Plaintiff did not receive an award of EAJA attorney's fees. The attorney's-fee request, in combination with the $4,600.00 plaintiff's counsel received under 42 U.S.C. § 406(a) for work he performed at the administrative level (ECF No. 10-4, PageID.78), does not exceed statutory limits.

Plaintiff's counsel provides a one-paragraph argument attempting to satisfy his burden under W.D. MICH. LCIVR 54.2(b)(iii)(L) of demonstrating that the fee that he is seeking from his client's past-due award is reasonable:

> The requested fees are reasonable in that the total number of hours requested for two rounds of litigation before the Commissioner, appealing to the Appeals Council, filing a complaint with this Court, and preparing this motion, are not excessive given the nature of this claim.

(ECF No. 9, PageID.30). As previously noted, the Court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level. The total number of hours for all the work he performed in connection with this lawsuit, including the time he spent preparing the motion for attorney's fees under section 406(b), is 4.25 hours. (ECF No. 10-5, PageID.81-82).

Plaintiff's request for $8,769.75 in attorney's fees is excessive in light of the 4.25 hours of work her attorney spent handling the case in this Court. Plaintiff provides no basis to justify this windfall to her attorney.

Reducing a sought-after award is warranted, where, as here, "the benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808. An hourly rate that is less than twice the market rate is presumed reasonable and not a windfall. *See Lasley v. Commissioner*, 771 F.3d 308, 309-10 (6th

Cir. 2014). The market rate in this type of case is $175 per hour, making $350 per hour the threshold for finding a windfall. Here, a slightly higher rate than $350 per hour is appropriate and not a windfall because plaintiff's attorney achieved an excellent and expeditious result on behalf of his client and the lawsuit required unusually limited Court involvement.

The Court finds that, under the specific circumstances of this case, compensation at the rate of $400 per hour is reasonable. That rate multiplied by the 4.25 hours expended in this Court results in a total fee award of $1,700.00. That amount is reasonable; it does not constitute a windfall; and it fairly compensates the attorney for the work he performed in this matter. Accordingly,

**IT IS ORDERED** that plaintiff's amended motion for attorney's fees (ECF No. 9) is **GRANTED in part** and **DENIED in part**. The Court approves payment from plaintiff's award of past due benefits to Attorney TenHave-Chapman in the amount of $1,700.00.

**IT IS FURTHER ORDERED** that plaintiff's superseded initial motion for attorney's fees (ECF No. 7) is **DISMISSED** as moot.

**IT IS SO ORDERED.**

Dated: December 17, 2018  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge